NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 08 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| U.S. SECURITIES & EXCHANGE COMMISSION, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> WAYNE S.P. WEAVER, <br><br> Defendant-Appellant, <br><br> and <br><br> JAMMIN JAVA CORP; et al., <br><br> Defendants. | No. 17-56423 <br><br> D.C. No. 2:15-cv-08921-SVW-MRW <br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted April 15, 2019
San Francisco, California

Before: D.W. NELSON, BEA, and N.R. SMITH, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Wayne Weaver appeals the district court's order granting summary judgment in favor of the Securities and Exchange Commission ("SEC") on its claim that Weaver committed securities fraud under Rule 10b-5(a) and/or (c). *See* 15 U.S.C. § 78j(b), 17 C.F.R. § 240.10b-5. Weaver also appeals the district court's disgorgement order. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.

In support of its motion for summary judgment, the SEC produced admissible, inculpatory evidence.[1] This shifted the burden of production to Weaver. *See Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007). Weaver produced no evidence to contradict the inculpatory evidence produced by the SEC. Instead, Weaver invoked his Fifth Amendment rights and remained silent throughout the course of these proceedings. Because Weaver invoked his right to remain silent, the district court determined that it would (in its discretion) grant summary judgment if it found that the SEC had produced "admissible evidence which, construed in the light most favorable to the SEC,

---

[1] Much of the evidence produced by the SEC came in the form of a report prepared by an SEC investigator and an email chain wherein Weaver describes the trades of Jammin Java shares he conducted through a series of holding companies he owned. Weaver argued below that the report and the emails were inadmissible, but his objection was overruled. Weaver has waived any challenge to that ruling on appeal by failing to argue it in his briefs, *see Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994), and thus we may consider those materials.

establishes Weaver's liability." *See SEC v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998). The district court concluded that the SEC had adduced such evidence and granted summary judgment to the SEC.

We assume without deciding that this inverted articulation of the summary judgment standard was error. Reviewing the evidence *de novo* and in the light most favorable to Weaver, we affirm.

Weaver contends that the materials produced by the SEC, and particularly the deposition testimony of Jammin Java's former CEO, Ahn Tran, raised triable issues of fact concerning (1) the deceptive nature of the Straight Path agreement and (2) Weaver's involvement with Straight Path. We disagree. To be sure, Tran testified that he thought the Straight Path agreement was a legitimate business deal when it was executed and announced. However, Tran *also* testified that he was unaware that Straight Path did not exist at that time, and that he wouldn't have executed the agreement if he had known that fact. At most, this shows that Jammin Java was also a victim of Weaver's deceptive use of Straight Path. It is difficult to see how a jury could reasonably conclude from this testimony that the Straight Path agreement was *not* deceptive. The undisputed facts shows that the Straight Path agreement indicated that the offered financing was coming from an "institutional investor." It is undisputed that, in fact, the institutional investor did

3

not exist at that time. The payments due under that agreement were instead made by Weaver himself or by a series of shell corporations and affiliates owned by Weaver and his co-defendants.

Tran's testimony also does not create a triable issue concerning Weaver's participation in the Straight Path financing agreement. Tran's testimony does not rebut the SEC's admissible evidence showing that: (1) Weaver directed an associate to create Straight Path months after the Straight Path financing agreement had been announced; (2) some of the payments due under that agreement were made by Weaver himself or by a company Weaver owned; (3) the share certificates promised to Straight Path under the agreement were sent to Weaver's nominee; (4) Weaver directed trading of Jammin Java shares through companies he owned shortly after the Straight Path agreement was announced; and (5) Weaver and entities he controlled made millions of dollars in profits through their sales of Jammin Java stock after the Straight Path agreement was announced. Accordingly, the undisputed facts show that Weaver's "*own conduct* contributing to the transaction or overall scheme . . . had a deceptive purpose and effect." *Simpson v. AOL Time Warner, Inc.*, 452 F.3d 1040, 1048 (9th Cir. 2006), *vacated on other*

4

*grounds*, *Simpson v. Homestore.com, Inc.*, 519 F.3d 1041 (9th Cir. 2008).[2]

## II.

The district court did not abuse its discretion when it ordered Weaver to disgorge the sum requested by the SEC ($26,371,585.20), an amount the court found was a reasonable approximation of the profits retained by Weaver or entities he controlled. *SEC v. JT Wallenbrock & Assocs.*, 440 F.3d 1109, 1113-14 (9th Cir. 2006). Indeed, Weaver does not challenge the amount of disgorgement ordered; instead, Weaver argues that the Supreme Court's decision in *Kokesh v. SEC*, 137 S. Ct. 1635 (2017), bars the SEC's request for disgorgement. However, *Kokesh* specifically declined to consider that issue, *id.* at 1642 n.3, so that case is not "clearly irreconcilable" with our longstanding precedent on this subject. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

**AFFIRMED.**

---

[2] We reject Weaver's argument that he cannot be held liable under Rule 10b-5(a) or (c) because he is not a "maker" of a false statement. *See Lorenzo v. SEC*, 587 U.S. __ (2019) (slip op. at 5). We have considered the remainder of Weaver's arguments regarding the district court's liability finding, and we find them to be without merit.